# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Clinton Lee Strother,                                      Civ. No. 16-2789 (PAM/BRT)

     Petitioner,

v.                                                                 **REPORT AND RECOMMENDATION**

State of Minnesota; MCF/Moose Lake;
and Becky Dooley,

     Respondents.

---

Clinton Lee Strother, #116822, MCF/Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767, *pro se* Petitioner.

Jonathan D. Holets, Esq., and Mark S. Rubin, Esq., St. Louis County Attorney's Office, counsel for Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

  This matter is before the undersigned United States Magistrate Judge on Petitioner Clinton Lee Strother's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. (*See* Doc. No. 1.) The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Strother's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Strother's petition without prejudice for lack of jurisdiction.

Strother was convicted of second-degree sale of a controlled substance after a jury trial in Minnesota state court. *See State v. Strother*, No. A13-0817, 2014 WL 1660671, at *1 (Minn. Ct. App. Apr. 28, 2014). That conviction has been the subject of two previous habeas corpus petitions filed in federal court. Strother voluntarily dismissed the first petition without prejudice in order to exhaust available state remedies for the claims raised therein, as required under 28 U.S.C. § 2254(b). *See Strother v. State of Minnesota*, No. 14-CV-3350 (PAM/JJK) (D. Minn. filed Sept. 4, 2014). The second petition was denied on the merits. *See Strother v. State of Minnesota*, No. 15-CV-0488 (PAM/JJK), 2016 WL 868175 (D. Minn. Mar. 7, 2016). Strother's pending petition is thus his third attempt to procure federal habeas corpus relief from his state-court conviction.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Strother's pending petition is "second or successive" within the meaning of § 2244(b)(3)(A). Although his first habeas petition was voluntarily dismissed without prejudice (thereby allowing him to refile without prior certification from the Eighth Circuit Court of Appeals), his second petition was fully adjudicated and dismissed with prejudice and on the merits. Any new habeas petition filed by Strother attacking the same conviction must therefore first be authorized by the Eighth Circuit.

There is no evidence that Strother has ever received the required authorization from the Eighth Circuit.[1] Until Strother receives that authorization, this Court lacks jurisdiction to consider any new habeas petition challenging Strother's conviction for second-degree sale of a controlled substance. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007). Accordingly, Strother's pending habeas petition should be dismissed without prejudice for lack of jurisdiction.

Only two matters merit further comment. First, this Court has considered whether to recommend transfer of Strother's petition to the Eighth Circuit for further examination of whether to authorize that petition, or any claims therein, pursuant to § 2244(b)(3)(A). Because Strother's claims do not appear to meet either criteria for authorization, as set forth in 28 U.S.C. § 2244(b)(2)(B), this Court recommends dismissal rather than transfer of the petition. That said, Strother may nevertheless seek authorization from the Eighth Circuit on his own accord.

Second, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat Strother's current habeas

---

[1]     There is also no evidence any request was made.

corpus petition differently than it is being treated here. Strother has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Strother not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Petitioner Clinton Lee Strother's petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

2.      No certificate of appealability be issued.

Dated: August 31, 2016                    *s/ Becky R. Thorson*
                                          Becky R. Thorson
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.