UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clinton Lee Strother,                                  Case No. 16-cv-2789 (PAM/BRT)

          Petitioner,

v.                                                                                      **ORDER**

State of Minnesota, MCF/Moose Lake,
and Becky Dooley,

          Respondents.
_____

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Becky R. Thorson dated August 31, 2016. In the R&R, Magistrate Judge Thorson recommends Strother's Petition for a Writ of Habeas Corpus be dismissed without prejudice and no certificate of appealability be issued. Strother filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Strother does not object to the R&R's determination that his present habeas corpus Petition is a "second or successive application" under 28 U.S.C. § 2244. (Deft.'s Obj. (Docket No. 9) at 2.) Instead, Strother merely objects that Magistrate Judge Thorson should have recommended that his Petition be transferred to the Eighth Circuit Court of Appeals for consideration of whether to authorize the Court to hear the successive petition's merits. (Id.) According to Strother, his Petition satisfies the requirements of

§ 2244(b)(2)(B). Specifically, his "new claims" could not have been discovered previously through the exercise of due diligence, satisfying § 2244(b)(2)(B)(i), and the facts underlying those claims, if proven, would be sufficient to establish that, but for constitutional error, no reasonable factfinder would have found Strother guilty, satisfying § 2244(b)(2)(B)(ii). (Id. at 3-4.) Therefore, Magistrate Judge Thorson should have recommended transferring the Petition to the Eighth Circuit.

But Strother's claims do not appear to meet the criteria for authorization under § 2244(b)(2)(B). In fact, Strother's "new claims" are very similar to the claims he has made in his many previous postconviction motions. Therefore, dismissal of Strother's claims, rather than transfer, is appropriate. As the R&R noted, this does not stop Strother from seeking authorization from the Eighth Circuit on his own accord.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 8) is **ADOPTED**;
2. Strother's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED without prejudice**; and
3. No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 26, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge